

**Beirut 10/12/2025**

**For the attention of the Office of the Federal Public Defender-of Virginia**

I undersigned Jean El Hachache declare that I delivered Mr Pascal VELARDE a copy of Mr Tony KASSIS's file that I was handling as his attorney at law in a civil complain against Mr KASSIS which contain the below documents:

I- Complain from the owner of the apartment contains 3 pages true copy of the original document (translated).

II- The final decision from the court of law contains 7 pages true copy of the original document (translated).

Our law firm is ready to give your office any information concerning the case that was held by our office .

**Attorney at law**

**Jean El Hachache**

Jean Y. El-Hachache

**Attorney at Law**

I have received the above mentioned documents on this date.

Pascual Velarde

12-10-25

jean@hachachlaw.com:البريد الاكتروني – ٤٧٣٣١٨١ :فاكس – ٤٧٢٤١٨١ :هاتف – ٣٢٦٤١٨١:حاريوي - الطابق الثاني - مبنى الشاتو تريانو - أوتوستراد الزلقا - المتن

*Aline P. Bassil*

*Traductrice Assermentée - Sworn Translator*

ألين بيار باسيل

خبيرة في الترجمة محلفة لدى المحاكم

### Before the Honorable Summary Affairs Judge in Kesrouan
### A summons with a request for shortening the deadlines

The plaintiff: Hanna Moussa EL JORR

> Represented by: Attorney Boulos HANNA, by virtue of a Power of Attorney, a copy of which is enclosed (Document No. 1)

**The defendant:** Antoine Elias KASSIS

> Ghazir – Ftouh Kesrouan – UNITED station intersection – Malik building – Ground Floor, Telephone: 76/127476

### First: On the Facts:

1- The plaintiff owns the entirety of Section 4 of Real Estate No. 3575, Block A, located in the Ghazir real estate area. Enclosed is a copy of the title deed (Document No. 2).

2- The defendant has been occupying the aforementioned section by virtue of a verbal lease since 22/08/2016. The first three-year lease term expired on 21/08/2019, and since then the lease has been renewed annually and implicitly until 21/08/2024.

3- On the 13th of August 2024, the plaintiff served the defendant with a formal notice through the notary public, informing him of his unwillingness to extend or renew the lease agreement. The notice also demanded that the defendant vacate the section he occupies and pay the due fees and taxes on the mentioned section, as well as the outstanding rent in the amount of USD 5,400 (five thousand four hundred U.S. dollars). Enclosed is a copy of the aforementioned notice (Document No. 3).

4- On 21/08/2024, the defendant received the notice but took no action whatsoever. Enclosed is a copy of the notice (Document No. 4).

5- On 30/08/2024, the defendant paid the plaintiff the amount of USD 600 (six hundred U.S. dollars) as part of the total rent due, undertaking to pay the remaining balance and vacate the premises within a maximum period of two weeks.

6- The plaintiff received the amount through his agent and issued the defendant a receipt for USD 600 (six hundred U.S. dollars) credited against the outstanding rent, while reserving the effects of the aforementioned notice. Enclosed is a copy of the receipt (Document No. 5).

*Verbatim translation of the original document attached hereto, delivered by the sworn translator under n°4324-254, dated on 02-12-2025*

Sworn Translator
71/636661

7- As usual, the defendant did not fulfill his undertakings; he did not pay the remaining balance of USD 4,800 (four thousand eight hundred U.S. dollars) of the accrued rent and continued to occupy the plaintiff's property, violating his ownership rights and refusing to vacate.

8- Given these facts, it has become necessary to file this lawsuit to remove the clear violation of the plaintiff's right to the use of his property.

**Second: On the Law:**

A. **On the obligation to remove the clear infringement of the plaintiff's rights:**
Whereas the plaintiff owns the entirety of Section 4 of Real Estate No. 3575, Block A, in the Ghazir real estate area;

Whereas the defendant has been served with an official notice requiring him to vacate the leased premises due to the plaintiff's unwillingness to extend or renew the lease after its expiry;

Whereas the defendant's continued presence in the leased premises after the expiration of the extended lease period constitutes unlawful occupation and usurpation, and amounts to a clear infringement of the plaintiff's right to use his property and derive benefit from it, which necessitates the intervention of the Summary Affairs Court to remove this infringement in accordance with paragraph 2 of Article 579 of the Code of Civil Procedure.

Therefore,

the defendant should be ordered to vacate Section 4 of Real Estate No. 3575, Block A, in the Ghazir real estate area and to hand it over to the plaintiff vacant and free of any occupants.

B. **On the obligation to order the defendant to pay an advance on rent:**
Whereas it is established that the amount of USD 4,800 (four thousand eight hundred U.S. dollars) is due as accrued rent up to 21/08/2024 and has not been paid by the defendant;

Whereas the aforementioned debt is certain, due, and not subject to any serious dispute, which entitles your esteemed court to order the defendant to pay a temporary advance to the plaintiff against the outstanding rent in accordance with the final paragraph of Article 579 of the Code of Civil Procedure.

Whereas there is no provision preventing a judgment for the full debt as a temporary advance, noting that the defendant's debts to the plaintiff continue to increase due to his unlawful occupation of the plaintiff's property;

*Verbatim translation of the original document attached hereto, delivered by the sworn translator under n°4324-25A, dated on 02-10-2025.*

*Aline P. Bassil*

*Traductrice Assermentée - Sworn Translator*

ألين بيار باسيل

خبيرة في الترجمة محلفة لدى المحاكم

Therefore,

it is necessary to order the defendant to pay the amount of USD 4,800 (four thousand eight hundred U.S. dollars) as a temporary advance on account of the rent due.

For all these reasons
and for what you deem appropriate
and for what we may submit in due course

**We respectfully request from your esteemed court:**
**First:** To issue an order shortening the deadlines, serving the defendant with a copy of the summons and its attachments, requiring him to respond within the prescribed period, and setting a hearing date for pleadings so that the final judgment may be rendered, expedited and enforceable in its entirety, ruling as follows:

1- To order the defendant to vacate Section 4 of Real Estate No. 3575, Block A, in the Ghazir real estate area, and to deliver it to the plaintiff free from any occupant and in the same good condition as it was initially, immediately and without any grace period, under the penalty of a coercive fine of USD 100 for each day of delay starting from the day after the judgment is issued until the premises are fully vacated.

2- To order the defendant to pay the plaintiff an advance of USD 4,800 (four thousand eight hundred U.S. dollars) on account of his definite and undisputed debt.

**Second:** To hold the defendant liable for all costs, fees, and expenses.

With all due respect,
By Proxy
Boulos Nohad HANNA
*(signature)*



*Verbatim translation of the original document attached hereto, delivered by the sworn translator under n°4324-25A, dated on 02-12-2025.*

<u>حضره قاضي الأمور المستعجلة في كسروان المحترم</u>

<u>إستحضار مع طلب تقصير مهل</u>

**المدعي:** حنا موسى الجر

وكيله المحامي بولس حنا

بموجب سند توكيل مرفق

صورة عنه ربطًا (مستند رقم ١)

**المدعى عليه:** أنطوان الياس القسيس

غزير ـ فتوح كسروان ـ مفرق محطة المختار UNITED ـ
بناية مالك ـ ط ارضي هاتف: ٧٦/١٢٧٤٧٦

<u>أولًا: في الوقائع:</u>

١ـ يملك المدعي كامل القسم ٤ من العقار رقم ٣٥٧٥ بلوك A من منطقة غزير
العقارية، نرفق ربطًا صورة إفادة عقارية (مستند رقم٢)،

٢ـ يشغل المدعى عليه القسم المذكور بموجب إجارة شفهية منذ تاريخ
٢٠١٦/٨/٢٢ حيث انقضت أول ثلاث سنوات تأجيرية بتاريخ ٢٠١٩/٨/٢١
ومنذ حينه والإجارة تمدّد سنويًا وضمنيًا حتَى تاريخ ٢٠٢٤/٨/٢١.

٣ـ بتاريخ ١٣ آب ٢٠٢٤، وجّه المدعي للمدعى عليه إنذارًا بواسطة الكاتب العدل
يبلغه بموجبه بعدم رغبته بتمديد او تجديد عقد الإيجار كما أنذره بوجوب إخلاء
القسم الذي يشغله ودفع الرسوم والضرائب المتوجبة على القسم المذكور وكذلك
بدلات الإيجار المستحقة البالغة/٥٤٠٠/$ (خمسة آلاف وأربعماية دولار
أمريكي) نرفق ربطًا صورة عن الإنذار المذكور أعلاه (مستند رقم٣).

٤ـ بتاريخ ٢٠٢٤/٨/٢١ تبلّغ المدعى عليه الإنذار دون أن يحرّك ساكنًا نرفق
ربطًا صورة عن وثيقة التبليغ (مستند رقم ٤).

٥ـ بتاريخ ٢٠٢٤/٨/٣٠ سدّد المدعى عليه للمدعي مبلغ /٦٠٠/$ (ستماية دولار
أمريكي) من أصل بدلات الإيجار المستحقة متعهّدًا بتسديد باقي المبلغ والإخلاء
خلال أسبوعين كحدٍ أقصى.

- ٢ -

٦- قبض المدعي المبلغ بواسطة وكيله وسلّم المدعى عليه إيصالاً بقيمة /٦٠٠/ $ (ستمائة دولار أمريكي) على حساب بدلات الإيجار المستحقة محتفظاً بمفاعيل الإنذار المشار إليه أعلاه، نرفق ربطاً صورة عن الإيصال (مستند رقم ٥).

٧- كعادته لم يلتزم المدعى عليه بتعهّداته، فلم يسدّد الرصيد الباقي البالغ /٤٨٠٠/ $ (أربعة آلاف وثمانماية دولار أمريكي) من قيمة البدلات المتراكمة، كما أنه بقي ماكثاً في ملك المدعي متعدّياً على حقه بالملكية رافضاً إخلائه،

٨- أمام هذا الواقع، مسّت الحاجة للتقدم بالدعوى الحاضرة لإزالة التعدي الواضح على حق المدعي باستعمال ملكه.

**ثانياً : في القانون:**

أ- **في وجوب إزالة التعدي الواضح على حقوق المدعي:**

بما أن المدعي يملك كامل القسم ٤ من العقار رقم ٣٥٧٥ بلوك A من منطقة غزير العقارية،

وبما ان المدعى عليه قد تبلّغ إنذاراً رسمياً بوجوب إخلاء المأجور لعدم رغبة المدعي بتمديد أو تجديد عقد الإيجار بعد أن انتهت مدته،

وبما أن وجود المدعى عليه في المأجور بعد انتهاء مدة عقد الإيجار الممددة، أضحى على سبيل الإحتلال والغصب ويشكّل تعدّياً واضحاً على حقوق المدعي باستعمال ملكه والإستئثار به مما يوجب تدخّل قضاء الأمور المستعجلة لإزالة هذا التعدي عملاً بالفقرة ٢ من المادة ٥٧٩ أ م م.

لذلك

يقتضي إلزام المدعى عليه بإخلاء القسم ٤ من العقار رقم ٣٥٧٥ بلوك A من منطقة غزير العقارية وتسليمه للمدعي شاغراً من أي شاغل.

ب- **في وجوب إلزام المدعى عليه بدفع سلفة وقتية على حساب بدلات الإيجار المستحقة:**

بما أنه من الثابت إستحقاق مبلغ/ /٤٨٠٠ $ (أربعة الاف وثمانماية دولار أمريكي) كبدلات إيجار متراكمة حتى تاريخ ٢٠٢٤/٨/٢١ وغير مسددة من المدعى عليه،

وبما ان الدين المشار إليه ثابت ومستحق الأداء وغير قابل لأي نزاع جدي، الأمر الذي يجيز لجانب رئاستكم المحترمة إلزام المدعى عليه بدفع سلفة وقتية للمدعي على حساب البدلات المستحقة عملاً بالفقرة الأخيرة من المادة ٥٧٩ أ م م.

- ٢ -

- وبما أنه ليس ثمَّة نص يمنع الحكم بكامل الدَّين كسلفة وقتية مع الإشارة أن ديون المدعى عليه للمدعي تزداد ارتفاعًا بسبب استمراره بإشغاله غير المشروع لملكه،

لذلك

يقتضي إلزام المدعى عليه بدفع مبلغ/ ٤٨٠٠ /$ (اربعة آلاف وثمانماية دولار أمريكي) كسلفة وقتية على حساب بدلات الإجارة المستحقة،

لكل هذه الاسباب

ولما ترونه عفوا

ولما قد ندلي به في حينه

**نطلب من جانب رئاستكم المحترمة:**

**أولًا:** إتخاذ القرار بتقصير المهل من ساعة الى ساعة وإبلاغ المدعى عليه صورة عن الإستحضار ومرفقاته وتكليفه بالجواب خلال المهلة المقررة وتعيين موعد جلسة للمرافعة ليصار الى إصدار الحكم النهائي المعجّل التنفيذ النافذ على أصله القاضي بما يلي:

١- إلزام المدعى عليه بإخلاء القسم ٤ من العقار رقم ٣٥٧٥ بلوك A من منطقة غزير العقارية وتسليمه للمدعي شاغرًا من أي شاغل وبالحالة الجيدة التي استلمه فيها فورًا ودون أية مهلة تحت طائلة إستحقاق غرامة إكراهية قدرها/ ١٠٠ /دولار أمريكي عن كل يوم تأخير من اليوم التالي لصدور الحكم وحتى الإخلاء الفعلي.

٢- إلزام المدعى عليه بدفع سلفة وقتية للمدعي قدرها/ ٤٨٠٠/$ (اربعة آلاف وثمانماية دولار أمريكي) على حساب دَينه الأكيد وغير القابل لأي نزاع جدي.

**ثانيا:** تضمين المدعى عليه الرسوم والمصاريف والأتعاب كافة

بكل تحفظ وإحترام

بالوكالة



رقم أساس: 2024/438

المدعي: حنا موسى الجر

المدعى عليه: انطوان الياس القسيس

رقم القرار:    ـ ٦ ٤٥ ٥/ ٤ ـ

"وفيه والهيئة كالسابق لم يحضر أحد وصدر القرار التالي وأفهم علنا"

الكاتب                                                القاضي (عقيقي)

قرار

بإسم الشعب اللبناني

**إن القاضي المنفرد المدني في كسروان، الناظر في قضايا الامور المستعجلة،**

**لدى التدقيق،**

تبين أنه بتاريخ 2024/10/17 استحضر السيد حنا موسى الجر، بواسطة وكيله الاستاذ بولس حنا، المدعى عليه السيد أنطوان الياس القسيس، وعرض أنه يملك كامل المقسم رقم 4 من العقار رقم 3575 بلوك A من منطقة غزير العقارية، وأن هذا الاخير يشغل المقسم المذكور بموجب إجارة شفهية منذ 2016/8/22 حيث انقضت الفترة التعاقدية الاولى المحددة بثلاث سنوات وبقيت الاجارة تمدد سنويا" وضمنيا" حتى تاريخ 2024/8/21، وأنه بالرغم من تبلغ المدعى عليه بتاريخ 2024/8/21 انذارا" أبدى بموجبه عدم رغبته كمؤجر بتمديد الاجارة أو تجديدها بحلول أجلها ومطالبته بتسديد الرسوم والضرائب المتوجبة على القسم وبدلات الايجار المستحقة والبالغة 5400/د.أ سدد المدعى عليه مبلغ /600/د.أ من أصل بدلات الايجار متعهدا" بتسديد باقي المبلغ والاخلاء خلال أسبوعين كحد أقصى وبقي من ثم ممتنعا" عن تسديد البدلات وعن الاخلاء واستمر شاغلا" المقسم دون وجه حق أو سند

قانوني، وأدلى في باب القانون من نحو أول بوجوب إلزام المدعى عليه بإخلاء المقسم موضوع المنازعة وتسليمه له شاغرا" من أي شاغل لان بعد انتهاء مدة عقد الايجار الممدة وتبلغه انذارا" بعدم رغبته كمؤجر بتجديد الايجار يشكل تعديا" واضحا" على الحقوق تختص المحكمة الحاضرة برفعه عملا" بأحكام الفقرة الثانية من المادة 579 أ.م.م، ومن نحو ثان إلزام المدعى عليه عملا" بأحكام الفقرة الثالثة من المادة 579 أ.م.م بتسديده سلفة وقتية على حساب دينه الثابت والاكيد ببدلات الايجار المستحقة وغير المسددة والبالغة /4800/د.أ على أن تكون السلفة موازية لكامل قيمة الدين، وطلب إصدار قرار نافذ على أصله بإلزام المدعى عليه من نحو أول بإخلاء المقسم رقم 4 من العقار رقم 3575 بلوك A من منطقة غزير العقارية وتسليمه فورا" له خاليا" من أي شاغل وبالحالة الجيدة التي استلمه فيها تحت طائلة فرض غرامة إكراهية عليه قدرها مئة دولار أميركي عن كل يوم تأخير من تاريخ صدور القرار وحتى الاخلاء الفعلي، ومن نحو ثان إلزام المدعى عليه بتسديده سلفة وقتية موازية لكامل قيمة دينه الثابت والاكيد وغير القابل لاي نزاع جدي البالغ /4800/د.أ، وتضمين المدعى عليه كافة الرسوم والنفقات والاتعاب،

وأنه بتاريخ 2025/3/11 أبرز الاستاذ جان الحشاش وكالة تجيز له تمثيل المدعى عليه في المنازعة الراهنة،

وأنه في الجلسة المنعقدة بتاريخ 2025/4/9 اختتمت المحاكمة أصولا" بعد أن تقرر محاكمة المدعى عليه،

وأنه بتاريخ 2025/4/15 تقدم المدعى عليه السيد أنطوان الياس القسيس، بواسطة وكيله الاستاذ جان الحشاش، بمذكرة أضحت بمثابة لائحة جوابية بعد صدور قرار فتح المحاكمة تاريخ 2025/5/30 عرض بموجبها أنه يشغل المقسم موضوع المنازعة منذ حوالي التسع سنوات بموجب إجارة شفهية بقيت تتجدد ضمنا" سنويا" دون توقيع أي عقد خطي أو شفهي جديد، وأنه بتاريخ 2024/8/21 تفاجأ بالانذار الموجه له والمستوجب الرد شكلا" ومضمونا" لكونه مبلغ منه في اليوم الاخير من السنة التأجيرية الممدة وفي وقت كان سبق للاجارة فيه أن مددت، وأنه إثر تبلغه الانذار توافق والمدعي على تمديد الاجارة وتسديد مبلغ /600/د.أ على حساب البدلات السابقة على أن يستكمل تسديد المبلغ المتبقي في وقت لاحق ليتفاجأ من ثم بالدعوى الراهنة، وأنه بالنظر لحسن نيته عاد وتوافق مع المدعي على تسديد البدلات المتبقية بعد حسم قيمة التحسينات المشتركة التي خمنت في حينه بمبلغ /1090/د.أ وسدد بالفعل بتاريخ 2024/11/14 مبلغا" وقدره /3710/د.أ فأبرأ المدعي ذمته من كل حق ومطلب وتوافقا أن يوقع على سندي دين بقيمة /600/د.أ للسند الواحد وذلك خلال شهري كانون الثاني وشباط من العام 2025 يوضحان ماهية الاتفاق الحاصل بينهما والمترجم باشغال المأجور لغاية آب 2025 ليتفاجأ مرة جديدة برغبة المدعي بمتابعة الدعوى الراهنة غافلا" ذكر أي من الوقائع المفصلة أعلاه، وأدلى في باب القانون بوجوب رد الدعوى لعدم الصحة والقانونية ولانتفاء التعدي لان اشغاله المأجور مسند الى تجديد الاجارة وتمديدها بموجب

الاتفاق الحاصل بينه والمدعي والمثبت بموجب الايصالين الماليين المحرر أحدهما بعد تاريخ تقديم الدعوى الراهنة، ورد طلب السلفة الوقتية لعدم توافر شروطها لكونه سدد كافة المبالغ موضوع المطالبة، وطلب رد الدعوى شكلا" في حال عدم استيفائها لاي من الشروط الشكلية المفروضة قانونا" وإلا لعدم صلاحية المحكمة الراهنة للبت بموضوعها، وردها أساسا" لعدم صحتها وعدم ارتكازها على أي أساس قانوني أو واقعي صحيح ولعلة تمديد عقد الايجار ورد طلب السلفة الوقتية لعدم توافر شروطها ولعلة الايفاء، وتضمين المدعي كافة الرسوم والمصاريف والاتعاب، وحفظ حقه من أي نوع ولاية جهة كانت،

وأنه بتاريخ 2025/5/30 صدر عن هذه المحكمة قرار إعدادي،

وأنه بتاريخ 2025/6/30 تقدم المدعي بلائحة انفاذ قرار إعدادي كرر في ختامها مآل استحضاره أقوالا" ومطالب، وعرض أنه بخلاف إدلاءات المدعى عليه فإنه يتبين من الايصال المبرز من هذا الاخير أنه لم يتضمن أية براءة ذمة، وأن المدعى عليه أخفى إبراز تعهد خطي موقع بخط يده يتنازل بموجبه عن حق الايجار ويتعهد بالاخلاء بتاريخ 2025/6/30 لكونه أعطي في حينه مهلة تسامح حتى انتهاء العام الدراسي تفاديا" لاي اضطرابات تصيب أولاده وقد ورد خطأ مطبعي بصف الارقام بحيث ورد في التعهد أنه سيسلم القسم للمالك أو من ينوب عنه قانونا" بتاريخ 6/2025/30 بدلا" من 2025/6/30 وان اشغاله أقله منذ هذا التاريخ الاخير يفتقد لاي مسوغ شرعي بحيث يقتضي إلزامه بإخلائه وتسليمه له، وأنه في متن التعهد عينه تعهد المدعى عليه بدفع جميع الرسوم البلدية والكهرباء والمياه دون أن يسددها وأنه لا يزال مدينا" له بمبالغ مالية لا يقل مجموعها عن /2991/ د.أ منها فواتير بقيمة /770/د.أ حسمت على اها مصاريف أقسام مشتركة ليتبين اثر التدقيق أنها تتعلق بتصليحات داخل المقسم وبرسوم بلدية بقيمة /15820000/ل.ل وبرسوم كهرباء إضافة الى الغرامات بقيمة /32085000/ل.ل حتى شهر آذار 2024 إضافة الى المبالغ الإضافية التي قد تترتب بعد هذا التاريخ الاخير بحيث يقتضي إلزام المدعى عليه بمنحه سلفة وفتية على حساب المبالغ المذكورة على أن تكون موازية لكامل قيمة الدين،

وأنه في الجلسة المنعقدة بتاريخ 2025/7/9 اختتمت المحاكمة أصولا" بعد أن كرر وكيلا المتداعيين،

**بـــــــناء عليـــــــه**

حيث ان المدعي يطلب إصدار قرار نافذ على أصله بإلزام المدعى عليه من نحو أول بإخلاء المقسم رقم 4 من العقار رقم 3575 بلوك A من منطقة غزير العقارية وتسليمه فورا" له خاليا" من أي شاغل وبالحالة الجيدة التي استلمه فيها تحت طائلة فرض غرامة إكراهية عليه قدرها مئة دولار أميركي عن كل يوم تأخير من تاريخ صدور القرار وحتى



الاخلاء الفعلي، ومن نحو ثان إلزام المدعى عليه بتسديده سلفة وقتية موازية لكامل قيمة دينه الثابت والاكيد وغير القابل لاي نزاع جدي،

وحيث أن المدعى عليه يطلب من جهته رد الدعوى شكلا" إن حال عدم استيفائها لاي من الشروط الشكلية المفروضة قانونا" وإلا لعدم صلاحية المحكمة الراهنة للبت بموضوعها، وردها أساسا" لعدم صحتها وعدم ارتكازها على أي أساس قانوني أو واقعي صحيح ولعلة تمديد عقد الايجار ورد طلب السلفة الوقتية لعدم توافر شروطها ولعلة الايفاء،

وحيث أن المدعي يسند مطالبه الرامية الى إلزام المدعى عليه بإخلاء المقسم موضوع المنازعة وتسليمه له الى أحكام الفقرة الثانية من المادة 579 أ.م.م التي أناطت بقاضي الامور المستعجلة سلطة اتخاذ التدابير الآيلة الى إزالة التعدي الواضح على الحقوق والاوضاع المشروعة، وفرضت بالتالي توافر شرط وحيد هو **التعدّي الواضح على الحقوق المشروعة**، أي التعدي الذي لا يشوبه أي شك أو غموض،

وحيث أن موضوع الدعوى الحاضرة بحسب ما حدده المدعي في متن استحضاره هو الزام المدعى عليه بإخلاء المقسم موضوع النزاع لعدم شرعية اشغاله له،

وحيث بغض النظر عن مدى صحة ادلاءات المدعي في الاساس، تكون الدعوى من حيث الشكل من اختصاص قاضي الامور المستعجلة الذي استقر الفقه والاجتهاد على ايلائه سلطة الزام شاغل العقار دون وجه حق باخلائه فتكون ادلاءات المدعى عليه لجهة عدم اختصاص المحكمة الحاضرة مستوجبة الردّ،

وحيث ان حق اشغال العقار يعود من حيث المبدأ الى مالكه بحيث اذا كان ممارساً من قبل غير هذا الاخير توجب على الشاغل أن يثبت شرعية إشغاله له وإلا عُدَّ غاصباً ومعتدياً على حق الملكية العائد للمالك،

وحيث ان ملكية المقسم موضوع المنازعة تعود للمدعي بحسب مندرجات قيود السجل العقاري فيكون على المدعى عليه ابراز ما يثبت شرعية اشغاله له،

وحيث أن المدعي أبرز طي لائحته الاخيرة تعهدا" منظما" من المدعى عليه بتاريخ 2024/11/14 أفاد بموجبه هذا الاخير أنه مقيم في المقسم رقم 4 من العقار 3575 بلوك A من منطقة غزير العقارية وأنه يتنازل عن حق الايجار ويتعهد بإخلاء القسم المذكور وتسليمه للمالك أو من ينوب عنه قانونا" بتاريخ 2025/6/30 كحد أقصى تحت طائلة إستحقاق مبلغ مئة دولار أميركي عن كل يوم تأخير كما ويتعهد بدفع جميع رسوم البلدية والكهرباء

والمياه، وطلب إلزام المدعى عليه بالاخلاء لان اشغاله المقسم بعد هذا التاريخ يفتقد للمسوغ الشرعي ويشكل تعديا" واضحا" على حقوقه،

وحيث أن المدعى عليه الذي تبلغ المستند المذكور لم ينازع بصحته أو بمضمونه، كما ولم ينازع بإدلاءات ومطالب المدعي لهذه الجهة ولم يبرز ما يضفي طابع شرعي على استمرار اشغاله المأجور بعد 2025/6/30،

وحيث بصرف النظر عن كيفية دخول المدعى عليه المأجور وإشغاله يكون استمرار اشغاله له أقله اعتبارا" من هذا التاريخ الاخير غير مسند الى ما يبرره ومن قبيل التعدي الواضح على حقوق المدعي مالكه فيقتضي عملا" بأحكام الفقرة الثانية من المادة 579 أ.م.م إلزامه بإخلائه وتسليمه للمدعي خاليا" من أي شاغل وبالحالة الجيدة التي استلمه فيها تحت طائلة فرض غرامة إكراهية قدرها مليونا ليرة لبنانية عن كل يوم تأخير في تنفيذ القرار تسري بوجهه منذ تاريخ إبلاغه مضمونه،

وحيث أن المدعي يطلب من نحو ثان إلزام المدعى عليه بمنحه سلفة وقتية على حساب حقه الثابت والاكيد وغير القابل لنزاع جدي بالمبالغ المترتبة له بذمة المدعى عليه على أن تكون السلفة موازية لكامل قيمة الدين،

وحيث أن مطالب المدعي لهذه الجهة مسندة الى أحكام الفقرة الثالثة من المادة 579 أ.م.م التي أعطت **لقاضي الامور المستعجلة في الحالة التي يكون فيها وجود الدين غير قابل لنزاع جدّي منح الدائن سلفة وقتية على حساب حقّه،**

وحيث يتعيّن بالتالي على هذه المحكمة لأجل اتخاذ قرارها بمنح سلفة وقتية سنداً لاحكام الفقرة الثالثة المبين مضمونها أعلاه ان تتحقق **أولاً من وجود الدين** لتعمد من ثم الى **تدقيق صفته حتى إذا وجدته غير قابل لنزاع جدي قررت منح السلفة المطلوبة،**

وحيث ان الدين غير القابل لنزاع جدّي هو الدين الاكيد والثابت والواضح الى حدّ اليقين والذي لا يمكن الشك إطلاقاً في وجوده وصحته واستحقاقه،

Le critère de l'absence de contestation sérieuse est constitué par l'évidence du droit, son incontestabilité manifeste, la certitude absolue de son existence

Lyon, 5-10-1983, cahier pru d'hommaux, 1984, no. 2, p.23

وحيث أن المدعي الذي حدد في متن استحضاره المبالغ موضوع المطالبة بـ/4800/د.أ تمثل بدلات الايجار المستحقة وغير المسددة حتى تاريخ 2024/8/21 عاد إثر إبراز المدعى عليه في متن لائحته الجوابية ما يفيد تسديده لقيمة المبالغ المذكورة أن عدل مطالبه طالبا" إلزام هذا الاخير بتسديده سلفة وقتية موازية لكامل قيمة الدين المترتب له بذمة هذا الاخير البالغ/2991/ د.أ والذي يمثل فواتير بقيمة /770/د.أ حسمت من البدلات باعتبارها مصاريف أقسام مشتركة ليتبين اثر التدقيق بها أنها تتعلق بتصليحات داخل المقسم وبرسوم بلدية بقيمة /15820000/ل.ل وبرسوم كهرباء إضافة الى الغرامات بقيمة /32085000/ل.ل حتى شهر آذار 2024 إضافة الى المبالغ الإضافية التي قد تترتب على المقسم بعد هذا التاريخ الاخير،

وحيث أن المدعى عليه الذي تبلغ إدلاءات ومطالب المدعي لهذه الجهة لم ينازع بصحتها أو بتوجب المبالغ موضوعها، ولم يبرز في الملف ما يثبت تسديده لها، لا بل انه يتبين من مراجعة مضمون التعهد الصادر عنه بتاريخ 2024/11/14 والمبرز طي لائحة المدعي الاخيرة أنه تعهد بدفع جميع رسوم البلدية والكهرباء والمياه، فتكون بالتالي المبالغ موضوع المطالبة مترتبة بذمته وتكون بالتالي دينا" أكيدا" وثابتا" ومستحقا" بذمته،

وحيث أن اجتهاد هذه المحكمة سائر على اعتبار أن **مقدار السلفة يجب أن يكون أدنى من مقدار الدين لان عبارتي " السلفة "و" على حساب الحق "الواردتين في الفقرة الثالثة من المادة 579 أ.م.م تدلان في ظاهر معناهما على عدم جواز معادلة السلفة لكامل قيمة الدين**، فترى المحكمة تحديد السلفة بمبلغ قدره /500/د.أ وإلزام المدعى عليه بأن يدفعها فورا" للمدعي،

وحيث بعد التعليل المساق أعلاه يبقى رد سائر الاسباب والمطالب الزائدة أو المخالفة إما لعدم جدوى بحثها أو لكونها لقيت فيما سبق تبيانه الردّ الضمني، ورد طلب المدعي الرامي الى إعطاء القرار صيغة النفاذ على الاصل لانتفاء المبرر،

**لـــــذلــــك**

يقرر:

<u>أولا"</u>– إلزام المدعى عليه السيد انطوان الياس القسيس بإخلاء المقسم رقم 4 من العقار رقم 3575 بلوك A من منطقة غزير العقارية وتسليمه فورا" للمدعي خاليا" من أي شاغل وبالحالة الجيدة التي استلمه فيها تحت طائلة فرض غرامة إكراهية عليه قدرها مليونا ليرة لبنانية عن كل يوم تأخير في تنفيذ القرار تسري بوجهه منذ تاريخ إبلاغه مضمونه،

**ثانيا"**— إلزام المدعى عليه السيد انطوان الياس القسيس بأن يدفع للمدعي مبلغا" وقدره /500/د.أ كسلفة وقتية

على حساب الدين الثابت والاكيد المترتب له بذمته والمفصل في متن هذا القرار،

**ثالثا"**— رد كل ما زاد أو خالف،

**رابعا"**— تضمين المدعى عليه كافة الرسوم والنفقات،

قراراً معجل التنفيذ صدر وأفهم علناً في كسروان بتاريخ ٢٠١٩ /

القاضي (عقيقي)                                                    الكاتب

*Aline P. Bassil*

*Traductrice Assermentée - Sworn Translator*

ألين بيار باسيل

خبيرة في الترجمة محلفة لدى المحاكم

**Base Number:** 438/2024

**Plaintiff:** Hanna Moussa EL JORR
**Defendant:** Antoine Elias KASSIS

**Decision Number:** 406/2025

In this session, and with the panel constituted as before, no one appeared. The following decision was issued and publicly announced.

**Clerck**

(signature)

**Judge (Akiki)**

(signature)

## Decision

### In the name of the Lebanese people

The single civil judge in Keserwan, ruling in summary affairs,

Upon examination,

It appeared that on 17/10/2024, Mr. Hanna Moussa EL JORR represented by his attorney, Mr. Boulos HANNA, filed a claim against the defendant, Mr. Antoine Elias KASSIS. He stated that he owns the entirety of Section No. 4 of Real Estate No. 3575, Block A, in Ghazir, and that the defendant has been occupying this unit by virtue of a verbal lease since 22/08/2016. The initial contractual period of three years has expired, and the lease continued to be automatically and implicitly renewed on a yearly basis until 21/08/2024. Despite being duly notified on 21/08/2024 of the lessor's intention not to renew or extend the lease upon its expiry, and being requested to settle the due fees, taxes, and rental payments totaling **USD /5,400/**, the defendant only paid **USD /600/** as part of the rent, committing to pay the remaining amount and to vacate the premises within two weeks at most. However, he then refrained from paying the remaining rent and from vacating and continued occupying the unit without any legal right or title.

*Verbatim translation of the Arabic text attached hereto, delivered by the sworn translator under n°4386-23A, dated on 11-12-2025*

The plaintiff legally argued, first, that the defendant must be compelled to vacate the disputed section and return it free of any occupant, since his continued occupation after the expiry of the renewed lease and after receiving notice of non-renewal constitutes a clear infringement of rights that falls within the jurisdiction of this court, pursuant to Article 579(2) CCP (Code of Civil Procedures).

Second, the plaintiff requested that the defendant be ordered, under Article 579(3) CCP, to pay a provisional advance on account of his fixed and certain debt consisting of unpaid rent in the amount of USD /4,800/, with the advance being equal to the full value of the debt. He requested the issuance of an immediately enforceable decision ordering the defendant: to vacate Unit No. 4 of Property No. 3575, Block A, Ghazir, and hand it over immediately, free of any occupant and in the same good condition in which it was received, under a coercive fine of USD 100 per day of delay from the date of the decision until actual eviction; to pay a provisional advance equal to the full value of his fixed, certain, and undisputed debt, amounting to USD 4,800. He also requested that the defendant be ordered to bear all fees, expenses, and attorney's fees.

On 11/03/2025, Mr. Jean EL HACHACHE submitted a power of attorney authorizing him to represent the defendant in the present dispute.

At the hearing held on 09/04/2025, the trial was duly concluded after it was decided to try the defendant.

On 15/04/2025, the defendant, Mr. Antoine Elias KASSIS, through his attorney Mr. Jean EL HACHACHE, submitted a written statement which became, in effect, a reply brief following the decision to reopen the proceedings dated 30/05/2025. In this written statement, he stated that he has been occupying the disputed unit for approximately nine years under an verbal lease that continued to be implicitly renewed each year without the signing of any new written or verbal contract.

On 21/08/2024, he was surprised by the notice addressed to him, which he argued should be dismissed procedurally and substantively, as it was served on the last day of the extended lease year, at a time when the lease had already been renewed. Following the notice, he allegedly reached an agreement with the plaintiff to extend the lease and pay USD /600/ toward previous rent, with the remaining amount to be settled later, only to be surprised by the present lawsuit.

*Verbatim translation of the Arabic text attached hereto, delivered by the sworn translator under n°4386-23A, dated on 11-12-2023.*

He further claimed that, acting in good faith, he reached another agreement with the plaintiff to settle the remaining rent after deducting the value of joint improvements estimated at USD /1,090/.

On 14/11/2024, he paid USD /3,710/, and the plaintiff allegedly released him from all claims. They also agreed that the defendant would sign two promissory notes, each for USD /600/, during January and February 2025, clarifying the nature of their agreement regarding the continued occupation of the premises until August 2025. He stated that he was again surprised by the plaintiff's wish to proceed with the present lawsuit, omitting all the above-mentioned facts. Legally, he argued that the claim should be dismissed for lack of validity and legal basis, and for the absence of any trespass, since his occupation is based on a renewed and extended lease under their agreement, evidenced by the two receipts, one of which was issued after the present lawsuit was filed. He requested the dismissal of the request for a provisional advance, arguing that its conditions are not met since he has paid all the amounts claimed. He also sought the dismissal of the lawsuit on procedural grounds if any formal legal requirements are lacking; otherwise, for lack of jurisdiction of the present court; and on the merits for lack of factual and legal basis, given the lease extension and payment. He requested that the plaintiff be ordered to bear all fees, costs, and attorney's fees, while reserving all his rights before any competent authority.

On 30/05/2025, this court issued a preliminary decision.

On 30/06/2025, the plaintiff submitted a petition for enforcement of the preliminary decision, in which he reiterated, at the conclusion, the outcome of his claims and requests. He stated that, contrary to the defendant's submissions, the receipt presented by the latter did not include any release from liability.

The plaintiff further argued that the defendant concealed a written undertaking signed in his own hand, by which he waived his right to rent and undertook to vacate the unit on 30/06/2025, since he had been granted a grace period until the end of the school year to avoid any disruption affecting his children. There was a typographical error in the date, written as "06/2025/30" instead of "30/06/2025." The plaintiff asserted that the defendant's occupation from that date onward lacks any legal justification, and therefore he must be ordered to vacate the premises and deliver it to the plaintiff. In the same undertaking, the defendant also committed to pay all municipal fees, electricity, and water charges, which he has not paid.

*Verbatim translation of the Arabic text attached hereto, delivered by the sworn translator under n°4386-23A, dated on 11-12-2025,*

He remained indebted to the plaintiff for a total amount not less than USD /2991/, including invoices totaling USD /770/ initially treated as shared unit expenses, which upon review relate to repairs inside the unit, municipal fees of LBP /15,820,000/, electricity fees, and fines amounting to LBP /32,085,000/ up to March 2024, in addition to any further amounts that may accrue thereafter. Accordingly, the defendant must be ordered to provide a provisional advance on account of these amounts, equal to the full value of the debt.

At the hearing held on 09/07/2025, the trial was duly concluded after the parties' attorneys reiterated their submissions.

## Accordingly

Whereas the plaintiff requests the issuance of an immediately enforceable decision, ordering the defendant, first, to vacate Section No. 4 of Real Estate No. 3575, Block A, Ghazir, and to deliver it immediately to the plaintiff free of any occupant and in the same good condition in which it was received, under a coercive fine of USD 100 per day of delay from the date of the decision until actual eviction; and second, to pay a provisional advance equal to the full amount of his fixed, certain, and indisputable debt.

Whereas the Defendant, for his part, requests that the action be dismissed in form should it fail to satisfy any of the formal requirements prescribed by law, otherwise for lack of jurisdiction of the present court to adjudicate its subject matter, and that it be dismissed on the merits for lack of validity and for being unsupported by any correct legal or factual basis, and on the grounds of the alleged extension of the lease contract, as well as that the request for the provisional advance be denied for lack of its conditions and on the grounds of payment;

And whereas the Plaintiff bases his claims seeking to order the Defendant to vacate the disputed section and return it to him on the provisions of paragraph two of Article 579 of the Code of Civil Procedure, which vested the Judge of Summary Affairs with the authority to take measures aimed at removing any clear infringement upon lawful rights and situations, and which therefore requires the presence of a single condition, namely **the clear infringement of lawful rights**, that is, an infringement that is free of any doubt or ambiguity;

*Verbatim translation of the Arabic text attached hereto, delivered by the sworn translator under n°4386-23A, dated on 11-12-2025*

And whereas the subject matter of the present lawsuit, as defined by the Plaintiff in his statement of claim, is to order the Defendant to vacate the section at issue due to the illegality of his occupation thereof;

And whereas, irrespective of the accuracy of the Plaintiff's allegations on the merits, the action is procedurally within the jurisdiction of the Judge of Summary Affairs, as established by doctrine and case law, which consistently grant said judge the authority to order the Defendant to vacate it; thus, the Defendant's allegations regarding the lack of jurisdiction of the present court must be dismissed;

And whereas the right to occupy a real estate belongs, in principle, to its owner, such that if the occupation is exercised by someone other than the owner, the occupier must prove the legality of his occupation; otherwise, he shall be deemed a usurper and an infringer upon the ownership rights of the owner;

And whereas ownership of the disputed section belongs to the Plaintiff according to the entries of the Land Registry, the burden therefore falls upon the Defendant to produce evidence establishing the legality of his occupation;

And whereas the Plaintiff has produced, attached to his latest brief, an undertaking executed by the Defendant on 14/11/2024, by virtue of which the latter declared that he resides in Section No. 04 of Real Estate No. 3575, Block A, located in the Ghazir real estate area, and that he waives the lease right and undertakes to vacate the aforementioned section and deliver it to the owner or to his lawful representative no later than 30/06/2025, under penalty of incurring an amount of one hundred United States dollars for each day of delay, and further undertakes to pay all municipal, electricity and water fees, and requested that the Defendant be ordered to vacate the section, as his occupation of the premises after this date lacks any lawful basis and constitutes a clear infringement of the Plaintiff's rights;

Whereas the Defendant, who was duly served with the aforementioned document, did not contest its validity or its contents, nor did he contest the Plaintiff's allegations and claims in this regard, and he did not produce any evidence capable of conferring a lawful basis upon his continued occupation of the leased premises after 30/06/2025;

*Verbatim translation of the Arabic text attached hereto, delivered by the sworn translator under n°4386-23A, dated on 11-12-2025.*

Whereas, irrespective of the manner in which the Defendant entered and began occupying the leased premises, his continued occupation thereof, at least as of the aforementioned date, is unsupported by any justification and constitutes a clear infringement of the Plaintiff, the owner's rights; therefore, pursuant to paragraph two of Article 579 of the Code of Civil Procedure, he must be ordered to vacate and return the premises to the Plaintiff, free of any occupant and in the same good condition in which he received it, under penalty of a coercive fine in the amount of two million Lebanese Pounds for each day of delay in executing the decision, said penalty to run against him as of the date he is notified of its contents;

Whereas the Plaintiff further requests that the Defendant be ordered to pay him a provisional advance on account of his fixed, certain, and undisputed right in respect of the sums owed to him by the Defendant, such advance being sought in an amount equivalent to the full value of the debt;

Whereas the Plaintiff's claims in this regard are based on paragraph three of Article 579 of the Code of Civil Procedure, **which grants the Judge of Summary Affairs, the authority to grant the creditor a provisional advance on account of his right, in cases where the existence of the debt is not susceptible to serious dispute;**

Whereas, consequently, for this Court to issue a decision granting a provisional advance pursuant to the above-mentioned paragraph three, it must first verify **the existence of the debt** and thereafter **examine its nature,** and if it determines that the debt is not susceptible to serious dispute, it shall **decide to grant the requested advance;**

Whereas a debt that is not susceptible to serious dispute is one that is certain, established, and evident to the point of certainty, such that its existence, validity, and enforceability cannot be doubted in any way;

'The criterion of the absence of serious dispute is constituted by the obviousness of the right, its manifest incontestability, and the absolute certainty of its existence.'

Lyon Court of Appeal, 5 October 1983, Cahier Pru d'hommaux, 1984, No. 2, p. 23

*Verbatim translation of the Arabic text attached hereto, delivered by the sworn translator under n°4386-23A, dated on 11-12-2025.*

Whereas the Plaintiff, who had specified in his statement of claim that the amounts sought USD /4,800/ represent the rental fees due and unpaid until 21/08/2024, later modified his claims, after the Defendant produced in his reply brief proof of payment of said amounts, requesting instead that the latter be ordered to pay him a provisional advance equivalent to the full value of the debt owed to him by the Defendant, amounting to USD /2,991/, which consists of invoices totaling USD /770/ that were deducted from the rental fees as they were considered common-area expenses, but which, upon review, were found to relate to repairs inside the section; in addition to municipal fees amounting to LBP /15,820,000/, and electricity fees together with fines totaling LBP /32,085,000/ up to March 2024, as well as any additional amounts that may accrue to the section after said date;

Whereas the Defendant, who was duly served with the Plaintiff's allegations and claims in this regard, did not contest their accuracy or the validity of the amounts claimed, nor did he produce any evidence in the file proving payment thereof; rather, from the review of the content of the undertaking issued by him on 14/11/2024 and submitted with the Plaintiff's latest brief, it appears that he undertook to pay all municipal, electricity, and water fees; therefore, the amounts claimed are owed by him and thus constitute a certain, established, and due debt;

Whereas the settled case law of this Court considers that the **amount of the provisional advance must be lower than the amount of the debt, since the expressions 'advance' and 'on account of the right' provided in paragraph three of Article 579 of the Code of Civil Procedure clearly indicate that the advance may not be equivalent to the full amount of the debt;** therefore, the Court deems it appropriate to set the provisional advance at USD /500/ and to order the Defendant to pay it immediately to the Plaintiff;

Whereas, in light of the reasoning set out above, all other grounds and additional or contrary claims must be dismissed, either for lack of usefulness in examining them or because they have already been implicitly addressed, and the Plaintiff's request to grant the decision the enforceable-as-of-right formula must be denied for lack of justification;

*Verbatim translation of the Arabic text attached hereto, delivered by the sworn translator under n°4386-23A, dated on 11-12-2025.*

*Aline P. Bassil*

*Traductrice Assermentée - Sworn Translator*

ألين بيار باسيل

خبيرة في الترجمة محلفة لدى المحاكم

**Therefore,**

**it is hereby decided:**

**First** – To order the Defendant Mr. Antoine Elias KASSIS, to vacate Section No. 04 of Property No. 3575, Block A, located in the Ghazir real estate area, and to return it immediately to the Plaintiff, free of any occupant and in the same good condition in which he received it, under penalty of a coercive fine of two million Lebanese Pounds for each day of delay in executing the decision, such penalty to run against him as of the date he is notified of its contents.

**Second** – To order the Defendant Mr. Antoine Elias KASSIS, to pay the Plaintiff the amount of USD /500/ as a provisional advance on account of the fixed and certain debt owed by him and detailed in the body of this decision;

**Third** – To dismiss all claims and grounds in excess or contrary to the above;

**Fourth** – To charge the Defendant with all court fees and expenses;

**A decision rendered with immediate enforceability, issued and publicly pronounced in Kesrouan on 20/09/2025.**

**Clerk**                                                                 **Judge (AKIKI)**

*(signature)*                                                            *(signature)*

*True copy of the original delivered on December 10, 2025*



*Verbatim translation of the Arabic text attached hereto, delivered by the sworn translator under n°4386-23A, dated on 11-12-2025.*

رقم أساس: 2024/438

المدعي: حنا موسى الجر

المدعى عليه: انطوان الياس القسيس

رقم القرار:    ٦ ٢٤/٢٥ ج.

وفيه والهيئة كالسابق لم يحضر أحد وصدر القرار التالي وأفهم علنا"

القاضي (عقيقي)                                                  الكاتب

قرار

باسم الشعب اللبناني

إن القاضي المنفرد المدني في كسروان، الناظر في قضايا الامور المستعجلة،

لدى التدقيق،

تبين أنه بتاريخ 2024/10/17 استحضر السيد حنا موسى الجر، بواسطة وكيله الاستاذ بولس حنا، المدعى عليه السيد أنطوان الياس القسيس، وعرض أنه يملك كامل المقسم رقم 4 من العقار رقم 3575 بلوك A من منطقة غزير العقارية، وأن هذا الاخير يشغل المقسم المذكور بموجب إجارة شفهية منذ 2016/8/22 حيث انقضت الفترة التعاقدية الاولى المحددة بثلاث سنوات وبقيت الاجارة تمدد سنويا" وضمنيا" حتى تاريخ 2024/8/21، وأنه بالرغم من تبلغ المدعى عليه بتاريخ 2024/8/21 انذارا" أبدى بموجبه عدم رغبته كمؤجر بتمديد الاجارة أو تجديدها بحلول أجلها ومطالبته بتسديد الرسوم والضرائب المتوجبة على القسم وبدلات الايجار المستحقة والبالغة 5400/د.أ سدد المدعى عليه مبلغ 600/د.أ من أصل بدلات الايجار متعهدا" بتسديد باقي المبلغ والاخلاء خلال أسبوعين كحد أقصى وبقي من ثم ممتنعا" عن تسديد البدلات وعن الاخلاء، واستمر شاغلا" المقسم دون وجه حق أو سند

1

قانوني، وأدلى في باب القانون من نحو أول بوجوب إلزام المدعى عليه بإخلاء المقسم موضوع المنازعة وتسليمه له شاغرا" من أي شاغل لان اشغاله له بعد انتهاء مدة عقد الايجار الممددة وتبلغه انذارا" بعدم رغبته كمؤجر بتجديد الايجار يشكل تعديا" واضحا" على الحقوق تختص المحكمة الحاضرة برفعه عملا" بأحكام الفقرة الثانية من المادة 579 أ.م.م، ومن نحو ثان إلزام المدعى عليه عملا" بأحكام الفقرة الثالثة من المادة 579 أ.م.م بتسديده سلفة وقتية على حساب دينه الثابت والاكيد ببدلات الايجار المستحقة وغير المسددة والبالغة /4800/د.أ على أن تكون السلفة موازية لكامل قيمة الدين، وطلب إصدار قرار نافذ على أصله بإلزام المدعى عليه من نحو أول بإخلاء المقسم رقم 4 من العقار رقم 3575 بلوك A من منطقة غزير العقارية وتسليمه فورا" له حاليا" من أي شاغل وبالحالة الجيدة التي استلمه فيها تحت طائلة فرض غرامة إكراهية عليه قدرها مئة دولار أميركي عن كل يوم تأخير من تاريخ صدور القرار وحتى الاخلاء الفعلي، ومن نحو ثان إلزام المدعى عليه بتسديده سلفة وقتية موازية لكامل قيمة دينه الثابت والاكيد وغير القابل لاي نزاع جدي البالغ 4800/د.أ، وتضمين المدعى عليه كافة الرسوم والنفقات والاتعاب،

وأنه بتاريخ 2025/3/11 أبرز الاستاذ جان الحشاش وكالة تجيز له تمثيل المدعى عليه في المنازعة الراهنة،

وأنه في الجلسة المنعقدة بتاريخ 2025/4/9 اختتمت المحاكمة أصولا" بعد أن تقرر محاكمة المدعى عليه،

وأنه بتاريخ 2025/4/15 تقدم المدعى عليه السيد أنطوان الياس القسيس، بواسطة وكيله الاستاذ جان الحشاش، بمذكرة أضحت بمثابة لائحة جوابية بعد صدور قرار فتح المحاكمة تاريخ 2025/5/30 عرض بموجبها أنه يشغل المقسم موضوع المنازعة منذ حوالي التسع سنوات بموجب إجارة شفهية بقيت تتحدد ضمنا" سنويا" دون توقيع أي عقد خطي أو شفهي جديد، وأنه بتاريخ 2024/8/21 تفاجأ بالانذار الموجه له والمستوجب الرد شكلا" ومضمونا" لكونه مبلغ منه في اليوم الاخير من السنة التأجيرية الممددة وفي وقت كان سبق للاجارة فيه أن مددت، وأنه إثر تبلغه الانذار توافق والمدعي على تمديد الاجارة وتسديد مبلغ /600/د.أ على حساب البدلات السابقة على أن يستكمل تسديد المبلغ المتبقي في وقت لاحق ليتفاجأ من ثم بالدعوى الراهنة، وأنه بالنظر لحسن نيته عاد وتوافق مع المدعي على تسديد البدلات المتبقية بعد حسم قيمة التحسينات المشتركة التي خمنت في حينه بمبلغ /1090/د.أ وسدد بالفعل بتاريخ 2024/11/14 مبلغا" وقدره /3710/د.أ فأبرأ المدعي ذمته من كل حق ومطلب وتوافقا أن يوقع على سندي دين بقيمة /600/د.أ للسند الواحد وذلك خلال شهري كانون الثاني وشباط من العام 2025 يوضحان ماهية الاتفاق الحاصل بينهما والمترجم باشغال المأجور لغاية آب 2025 ليتفاجأ مرة جديدة برغبة المدعي بمتابعة الدعوى الراهنة غافلا" ذكر أي من الوقائع المفصلة أعلاه، وأدلى في باب القانون بوجوب رد الدعوى لعدم الصحة والقانونية ولانتفاء التعدي لان اشغاله المأجور مسند الى تجديد الاجارة وتمديدها بموجب



2

الاتفاق الحاصل بينه والمدعي والمثبت بموجب الايصالين الماليين المحرر أحدها بعد تاريخ تقديم الدعوى الراهنة، ورد طلب السلفة الوقتية لعدم توافر شروطها لكونه سدد كافة المبالغ موضوع المطالبة، وطلب رد الدعوى شكلا" في حال عدم استيفائها لاي من الشروط الشكلية المفروضة قانونا" وإلا لعدم صلاحية المحكمة الراهنة للبت بموضوعها، وردها أساسا" لعدم صحتها وعدم ارتكازها على أي أساس قانوني أو واقعي صحيح ولعلة تمديد عقد الايجار ورد طلب السلفة الوقتية لعدم توافر شروطها ولعلة الايفاء، وتضمين المدعي كافة الرسوم والمصاريف والاتعاب، وحفظ حقه من أي نوع ولاية جهة كانت،

وأنه بتاريخ 2025/5/30 صدر عن هذه المحكمة قرار إعدادي،

وأنه بتاريخ 2025/6/30 تقدم المدعي بلائحة انفاذ قرار إعدادي كرر في ختامها مآل استحضاره أقوالا" ومطالب، وعرض أنه بخلاف إدلاءات المدعى عليه فإنه يتبين من الايصال المبرز من هذا الاخير أنه لم يتضمن أية براءة ذمة، وأن المدعى عليه أخفى إبراز تعهد خطي موقع بخط يده يتنازل بموجبه عن حق الايجار ويتعهد بالاخلاء بتاريخ 2025/6/30 لكونه أعطي في حينه مهلة تسامح حتى انتهاء العام الدراسي تفاديا" لاي اضطرابات تصيب أولاده وقد ورد خطأ مطبعي بصف الارقام بحيث ورد في التعهد أنه سيسلم القسم للمالك أو من ينوب عنه قانونا" بتاريخ 6/2025/30 بدلا" من 2025/6/30 وان اشغاله أقله منذ هذا التاريخ الاخير يفتقد لاي مسوغ شرعي بحيث يقتضي إلزامه بإخلائه وتسليمه له، وأنه في متن التعهد عينه تعهد المدعى عليه بدفع جميع الرسوم البلدية والكهرباء والمياه دون أن يسددها وأنه لا يزال مدينا" له بمبالغ مالية لا يقل مجموعها عن /2991/ د.أ منها فواتير بقيمة /770/د.أ حسمت على انها مصاريف أقسام مشتركة ليتبين اثر التدقيق أنها تتعلق بتصليحات داخل المقسم وبرسوم بلدية بقيمة /15820000/ل.ل وبرسوم كهرباء إضافة الى الغرامات بقيمة /32085000/ل.ل حتى شهر آذار 2024 إضافة الى المبالغ الإضافية التي قد تترتب بعد هذا التاريخ الاخير بحيث يقتضي إلزام المدعى عليه بمنحه سلفة وقتية على حساب المبالغ المذكورة على أن تكون موازية لكامل قيمة الدين،

وأنه في الجلسة المنعقدة بتاريخ 2025/7/9 اختتمت المحاكمة أصولا" بعد أن كرر وكيلا المتداعيين،

## بـــــــناء عليـــــــه

حيث ان المدعي يطلب إصدار قرار نافذ على أصله بإلزام المدعى عليه من نحو أول بإخلاء المقسم رقم 4 من العقار رقم 3575 بلوك A من منطقة غزير العقارية وتسليمه فورا" له خاليا" من أي شاغل وبالحالة الجيدة التي استلمه فيها تحت طائلة فرض غرامة إكراهية عليه قدرها مئة دولار أميركي عن كل يوم تأخير من تاريخ صدور القرار وحتى



3

الاخلاء الفعلي، ومن نحو ثان إلزام المدعى عليه بتسديده سلفة وقتية موازية لكامل قيمة دينه الثابت والاكيد وغير القابل لاي نزاع جدي،

وحيث أن المدعى عليه يطلب من جهته رد الدعوى شكلا" اي حال عدم استيفائها لاي من الشروط الشكلية المفروضة قانونا" وإلا لعدم صلاحية المحكمة الراهنة للبت بموضوعها، وردها أساسا" لعدم صحتها وعدم ارتكازها على أي أساس قانوني أو واقعي صحيح ولعلة تمديد عقد الايجار ورد طلب السلفة الوقتية لعدم توافر شروطها ولعلة الايفاء،

وحيث أن المدعي يسند مطالبه الرامية الى إلزام المدعى عليه بإخلاء المقسم موضوع المنازعة وتسليمه له الى أحكام الفقرة الثانية من المادة 579 أ.م.م التي أناطت بقاضي الامور المستعجلة سلطة اتخاذ التدابير الآيلة الى إزالة التعدي الواضح على الحقوق والاوضاع المشروعة، وفرضت بالتالي توافر شرط وحيد هو **التعدّي الواضح على الحقوق المشروعة**، أي التعدي الذي لا يشوبه أي شك أو غموض،

وحيث أن موضوع الدعوى الحاضرة بحسب ما حدده المدعي في متن استحضاره هو الزام المدعى عليه بإخلاء المقسم موضوع النزاع لعدم شرعية اشغاله له،

وحيث بغض النظر عن مدى صحة ادلاءات المدعي في الاساس، تكون الدعوى من حيث الشكل من اختصاص قاضي الامور المستعجلة الذي استقر الفقه والاجتهاد على ايلائه سلطة الزام شاغل العقار دون وجه حق باخلائه فتكون ادلاءات المدعى عليه لجهة عدم اختصاص المحكمة الحاضرة مستوجبة الردّ،

وحيث ان حق اشغال العقار يعود من حيث المبدأ الى مالكه بحيث اذا كان ممارساً من قبل غير هذا الاخير توجب على الشاغل أن يثبت شرعية إشغاله له وإلا عُدَّ غاصباً ومعتدياً على حق الملكية العائد للمالك،

وحيث ان ملكية المقسم موضوع المنازعة تعود للمدعي بحسب مندرجات قيود السجل العقاري فيكون على المدعى عليه ابراز ما يثبت شرعية اشغاله له،

وحيث أن المدعي أبرز طي لائحته الاخيرة تعهدا" منظما" من المدعى عليه بتاريخ 2024/11/14 أفاد بموجبه هذا الاخير أنه مقيم في المقسم رقم 4 من العقار 3575 بلوك A من منطقة غزير العقارية وأنه يتنازل عن حق الايجار ويتعهد بإخلاء القسم المذكور وتسليمه للمالك أو من ينوب عنه قانونا" بتاريخ 2025/6/30 كحد أقصى تحت طائلة إستحقاق مبلغ مئة دولار أميركي عن كل يوم تأخير كما ويتعهد بدفع جميع رسوم البلدية والكهرباء



4

والمياه، وطلب إلزام المدعى عليه بالاخلاء لان اشغاله المقسم بعد هذا التاريخ يفتقد للمسوغ الشرعي ويشكل تعديا" واضحا" على حقوقه،

وحيث أن المدعى عليه الذي تبلغ المستند المذكور لم ينازع بصحته أو بمضمونه، كما ولم ينازع بإدلاءات ومطالب المدعي لهذه الجهة ولم يبرز ما يضفي طابع شرعي على استمرار اشغاله المأجور بعد 2025/6/30،

وحيث بصرف النظر عن كيفية دخول المدعى عليه المأجور وإشغاله يكون استمرار اشغاله له أقله اعتبارا" من هذا التاريخ الاخير غير مسند الى ما يبرره ومن قبيل التعدي الواضح على حقوق المدعي مالكه فيقتضي عملا" بأحكام الفقرة الثانية من المادة 579 أ.م.م إلزامه بإخلائه وتسليمه للمدعي حاليا" من أي شاغل وبالحالة الجيدة التي استلمه فيها تحت طائلة فرض غرامة إكراهية عليه قدرها مليونا ليرة لبنانية عن كل يوم تأخير في تنفيذ القرار تسري بوجهه مند تاريخ إبلاغه مضمونه،

وحيث أن المدعي يطلب من نحو ثان إلزام المدعى عليه بمنحه سلفة وقتية على حساب حقه الثابت والاكيد وغير القابل لنزاع جدي بالمبالغ المترتبة له بذمة المدعى عليه على أن تكون السلفة موازية لكامل قيمة الدين،

وحيث أن مطالب المدعي لهذه الجهة مسندة الى أحكام الفقرة الثالثة من المادة 579 أ.م.م التي أعطت لقاضي **الامور المستعجلة في الحالة التي يكون فيها وجود الدين غير قابل لنزاع جدّي منح الدائن سلفة وقتية على حساب حقّه،**

وحيث يتعين بالتالي على هذه المحكمة لأجل اتخاذ قرارها بمنح سلفة وقتية سنداً لاحكام الفقرة الثالثة المبين مضمونها أعلاه ان تتحقق **أولاً من وجود الدين** لتعمد من ثم الى **تدقيق صفته حتى إذا وجدته غير قابل لنزاع جدي قررت منح السلفة المطلوبة،**

وحيث ان الدين غير القابل لنزاع جدي هو الدين الاكيد والثابت والواضح الى حدّ اليقين والذي لا يمكن الشك إطلاقاً في وجوده وصحته واستحقاقه،

Le critère de l'absence de contestation sérieuse est constitué par l'évidence du droit, son incontestabilité manifeste, la certitude absolue de son existence

Lyon, 5-10-1983, cahier pru d'hommaux, 1984, no. 2, p 23

5



وحيث أن المدعي الذي حدد في متن استحضاره المبالغ موضوع المطالبة بـ/4800/د.أ تمثل بدلات الايجار المستحقة وغير المسددة حتى تاريخ 2024/8/21 عاد إثر إبراز المدعى عليه في متن لائحته الجوابية ما يفيد تسديده لقيمة المبالغ المذكورة أن عدل مطالبه طالبا" إلزام هذا الاخير بتسديده سلفة وقتية موازية لكامل قيمة الدين المترتب له بذمة هذا الاخير البالغ /2991/ د.أ والذي يمثل فواتير بقيمة /770/د.أ حسمت من البدلات باعتبارها مصاريف أقسام مشتركة ليتبين اثر التدقيق بها أنها تتعلق بتصليحات داخل المقسم ورسوم بلدية بقيمة /15820000/ل.ل وبرسوم كهرباء إضافة الى الغرامات بقيمة /32085000/ل.ل حتى شهر آذار 2024 إضافة الى المبالغ الإضافية التي قد تترتب على المقسم بعد هذا التاريخ الاخير،

وحيث أن المدعى عليه الذي تبلغ إدلاءات ومطالب المدعي لهذه الجهة لم ينازع بصحتها أو بتوجب المبالغ موضوعها، ولم يبرز في الملف ما يثبت تسديده لها، لا بل انه يتبين من مراجعة مضمون التعهد الصادر عنه بتاريخ 2024/11/14 والمبرز طي لائحة المدعي الاخيرة أنه تعهد بدفع جميع رسوم البلدية والكهرباء والمياه، فتكون بالتالي المبالغ موضوع المطالبة مترتبة بذمته وتكون بالتالي دينا" أكيدا" وثابتا" ومستحقا" بذمته،

وحيث أن اجتهاد هذه المحكمة سائر على اعتبار أن **مقدار السلفة يجب أن يكون أدنى من مقدار الدين لان عبارتي " السلفة "و" على حساب الحق "الواردتين في الفقرة الثالثة من المادة 579 أ.م.م تدلان في ظاهر معناهما على عدم جواز معادلة السلفة لكامل قيمة الدين،** فترى المحكمة تحديد السلفة بمبلغ قدره /500/د.أ وإلزام المدعى عليه بأن يدفعها فورا" للمدعي،

وحيث بعد التعليل المساق أعلاه يبقى رد سائر الاسباب والمطالب الزائدة أو المخالفة إما لعدم جدوى بحثها أو لكونها لاقيت فيما سبق تبيانه الردّ الضمني، ورد طلب المدعي الرامي الى إعطاء القرار صيغة النفاذ على الاصل لانتفاء المبرر،

لـــــذلـــــك

يقرر:

أولا"– إلزام المدعى عليه السيد انطوان الياس القسيس بإخلاء المقسم رقم 4 من العقار رقم 3575 بلوك A من منطقة غزير العقارية وتسليمه فورا" للمدعي" خاليا" من أي شاغل وبالحالة الجيدة التي استلمه فيها تحت طائلة فرض غرامة إكراهية عليه قدرها مليونا ليرة لبنانية عن كل يوم تأخير في تنفيذ القرار تسري بوجهه منذ تاريخ إبلاغه مضمونه،

6



ثانيا"– إلزام المدعى عليه السيد انطوان الياس القسيس بأن يدفع للمدعي مبلغا" وقدره /500/د.أ كسلفة وقتية

على حساب الدين الثابت والاكيد المترتب له بذمته والمفصل في متن هذا القرار،

ثالثا"– رد كل ما زاد أو خالف،

رابعا"– تضمين المدعى عليه كافة الرسوم والنفقات،

قراراً معجل التنفيذ صدر وأفهم علناً في كسروان بتاريخ ٢٠ | ٩ | ٥٠

الكاتب                                      القاضي (عقيقي)

**صورة طبق الأصل**

١٠ كانون أول ٢٠٢٥